**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOAQUIN GASPAR SANTIAGO; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    20-70104 <br><br> Agency Nos.    A077-246-804 <br>                      A208-309-806 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021**

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Joaquin Gaspar Santiago and his son, natives and citizens of Guatemala,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Petitioners do not challenge the agency's dispositive determination that their asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to their asylum claim.

Petitioners also do not challenge the agency's determination that they failed to establish a nexus to a protected ground. *Id.* Substantial evidence supports the agency's determination that petitioners failed to show a pattern or practice of persecution against indigenous Mayans in Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1061-62 (9th Cir. 2009) (holding that evidence of widespread discrimination against particular groups did not compel the conclusion that there was a pattern or practice of persecution). Thus, petitioners' withholding of removal claim fails.

While we do not condone the statements made by the IJ, petitioners' contentions concerning IJ bias fail. *See Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019) ("A petitioner must show that the denial of his or her right to a neutral

fact-finder potentially affected the outcome of the proceedings." (internal quotation marks and citation omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**